F. F. HERRING v. THOMAS HARRIS, Admr.

1. ESTATE OF DECEDENT — LAND — ADMINISTRATOR HAS NO RIGHT TO A DECREE TO RENT LAND PENDING AN APPEAL FROM AN ORDER OF SALE OF IT. — Pending an appeal from a decree of the probate court, for a sale of land of the decedent, for payment of debts, the administrator has no right to a decree to rent the land, because it will promote the interest of the estate.

APPEAL from the probate court of Franklin county. MAGEE, J.

The facts of this case are distinctly stated in the opinion of the court.

*J. F. Sessions*, for appellant.

This was an application to rent real estate of intestate by his administrator long after the death of decedent, and after the land had gone into possession of the heirs. The record shows no evidence in the case, and that it was submitted on petition and answer, neither sworn to.

Deceased had left personalty amply sufficient to pay all debts, and a large part of it had been distributed by the administrator and refunding bonds taken, which the answer shows have never been resorted to. We hold that, under the circumstances, it was error (giving the court the broadest discretion) to have ordered the lands to be rented. An adjudication of the case now by lapse of time will be of no importance to the parties, save as to costs, to avoid the payment of which the case is retained and submitted.

*Geo. L. Potter*, for appellee.

In this case the appellee, as administrator of Harris, filed his petition in the probate court, showing that the lands of the estate had been decreed to be sold to pay debts, and that some of the heirs had appealed from that decree, and that it would promote the interests of the estate to rent the lands pending the appeal.

The answer shows that a large amount of personalty had been distributed and refunding bonds taken; but nothing is said of the sufficiency of any of those bonds; nor is any answer given that can be regarded, except the fact of an appeal pending.

The admitted declaration of the insufficiency of the personal estate, proved by decree for sale of the lands to pay debts, gives right to the administrator to enter and hold the lands, and collect the rents to pay debts. The appeal is

not shown to be with a supersedeas, nor as in any way affecting the declaration of insufficiency of personal estate.

So far as appears from the answer, the decree is in full force, and not superseded by the appeal. All the matters of defense now urged come too late, and were proper to be considered only upon the application for an order of sale.

TARBELL, J.:

This case comes to this court from the probate court of Franklin county. The facts are briefly these: Thomas Harris, as administrator *de bonis non* of the estate of Isaac Harris, deceased, presented to that court in December, 1869, a petition representing that the real estate of the deceased had been ordered by said court to be sold to pay the debts of the said estate; that an appeal had been taken from said decree to the high court of errors and appeals; that it would promote the interest of the estate to rent the said lands pending the appeal; that Catharine Herring, wife of F. F. Herring, W. N. Harris and Isaac Harris are adult heirs of the deceased; who are prayed to be made parties and summoned to show cause why the lands of the deceased should not be rented for the year 1870.

The answer of Catharine Herring and F. F. Herring, her husband, and W. N. Harris to the above petition alleges, that the deceased died in 1865; that he left property amply sufficient to pay all debts due by him at the time of his death, nearly all of which debts have been paid; that during the year 18—, the administrator distributed among the heirs of the deceased personal property to the amount of $28,000, and took refunding bonds therefor, of which the administrator has not availed himself; that, if the decree for the sale of the lands is affirmed on appeal, the proceeds of the sale will be sufficient to pay all the indebtedness of the said estate; that the heirs of deceased have been long in possession of these lands and now occupy them; that the decree of sale will raise the legal question of the liability of the estate for debts con-

tracted by the administrator, and his right to proceed against the lands while there exists refunding bonds unexhausted at law.

The cause coming on to be heard on petition and answer, neither of which were sworn to, the court, after argument, and without hearing any testimony, decreed that the administrator should rent the lands of deceased for the year 1870, giving ten days' notice, and renting to the highest bidder, on a credit, payable at the end of the year. The notice of renting was ordered to be in writing, and posted in three or more public places in the vicinity of the lands.

From this action of the probate court F. F. Herring prayed an appeal, and assigns the following only for error: That the court erred in ordering the administrator to rent the land when the answer denied the insufficiency of the personalty to pay the debts, no evidence being produced by petitioner.

It is urged by counsel for appellee that the answer does not show the sufficiency of the bonds; that the insufficiency of the personal estate, proved by the decree for sale of lands, gives to the administrator the right to enter and hold the lands and collect rents to pay debts; that the appeal is not shown to be with a supersedeas, nor as in any way affecting the declaration of the insolvency of the personal estate; that, so far as the answer shows, the decree for sale is in full force, and that all the matters now urged come too late, as they were proper to be considered only upon the application for the order of sale.

Of several reasons appearing upon the case presented by the record why the decree ordering the lands of the deceased to be rented should be reversed, we need to mention only one, namely, that an administrator has nothing to do with the real estate of the decedent, except under an order of sale. In regard to the suggestion of counsel, that for aught that appears, the appeal from the decree of sale was without supersedeas, we observe that the application for an order to rent the lands is of itself tantamount to the averment that the execution of the decree of sale is suspended, if not by

VOL. XLV. — 9

supersedeas, at least by the voluntary action of the administrator, as a matter of prudence, to await the adjudication of this court upon the questions presented by the appeal.

The duty and the authority of an administrator are defined in ch. 60, p. 421, Rev. Code, from which it will be seen that his powers may be classified or arranged under four general heads, so far as the case at bar is affected thereby : 1. His control over the personal property, choses in action, and the assets ; 2. When he may complete a growing crop ; 3. When he may continue to cultivate the lands of the deceased ; and, 4. When he may sell the realty under the orders of the probate court.   The facts do not bring this case within the provisions of the law of 1865, ch. 10, p. 140, acts of 1865, which enactment has no application to the case at bar.

In the circumstances of this case the administrator could interfere with the lands of the deceased only for the purpose of a sale, pursuant to the directions of the court, charged with the control of such matters.

The decree in this case, authorizing the administrator to rent the lands of the decedent pending the appeal from the order of sale of the same, is reversed and the cause is remanded.